IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBIN JOKINEN SCHUMANN,

    Plaintiff,

v.

MARTIN O'MALLEY,
Commissioner of the Social Security Administration,

    Defendant.[1]

OPINION and ORDER

23-cv-295-jdp

---

Plaintiff Robin Jokinen Schumann seeks judicial review of a final decision of defendant Martin O'Malley, Commissioner of the Social Security Administration, finding that Schumann was not disabled within the meaning of the Social Security Act. Schumann contends that administrative law judge (ALJ) J. Leland Bently erred by failing to address a conflict between the vocational expert's opinion and the Dictionary of Occupational Titles.

The court concludes that Schumann has not identified an apparent conflict, so Schumann forfeited her objection by failing to raise it with the ALJ. The court will affirm the commissioner's decision.

BACKGROUND

Schumann applied for disability insurance benefits, alleging disability beginning in March 2020. R. 17.[2] In a November 2022 decision, the ALJ found that Schumann suffered

---

[1] The court has amended the caption to reflect O'Malley's appointment as Commissioner. *See* Fed. R. Civ. P. 25(d).

[2] Record cites are to the administrative transcript located at Dkt. 2.

from four severe impairments: depressive disorder, anxiety disorder, post-traumatic stress disorder, and arthritis of the right shoulder and hands. The ALJ found that Schumann had the residual functional capacity (RFC) to perform medium work with some additional limitations, including that she cannot stoop or kneel more than occasionally, and she must avoid "unprotected heights and dangerous moving machinery." R. 19–20. Relying on the testimony of a vocational expert, the ALJ found that Schumann could not perform her past relevant work as a small business owner, a baker, a substitute teacher, or a caregiver, but she was not disabled because she could perform jobs that are available in significant numbers in the national economy, including hospital housekeeper, floor cleaner, and assembler. R. 29.

Schumann now appeals to this court. On appeal, the court's role is to review the ALJ's decision for legal errors and to determine whether the decision is supported by substantial evidence. *See Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020). The substantial evidence standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

ANALYSIS

Schumann contends that the ALJ erred by failing to question the vocational expert about conflicts between the expert's testimony and the Dictionary of Occupational Titles. Schumann did not raise an objection about any conflicts during the administrative hearing, which generally means that any objection was forfeited. *See Brown v. Colvin*, 845 F.3d 247, 254–55 (7th Cir. 2016). But the ALJ has an affirmative duty to resolve any "apparent conflicts"

2

between the vocational expert's testimony and the Dictionary. *Overman v. Astrue*, 546 F.3d 456, 463–64 (7th Cir. 2008). Conflicts are apparent if they are "obvious enough that the ALJ should have picked up on them without any assistance." *Id.*

In this case, Schumann says that the ALJ overlooked three apparent conflicts:

> **Expert's testimony:** Hospital housekeepers and floor waxers are not required to stoop more than occasionally.
> **Dictionary**: Hospital housekeepers and floor waxers must stoop frequently.
>
> **Expert's testimony**: Floor waxers are not required to kneel more than occasionally.
> **Dictionary:** Floor waxers must kneel frequently.
>
> **Expert's testimony**: Floor waxers and assemblers are not required to work with or around "dangerous moving machinery."
> **Dictionary**: Floor waxers polish floors with an electric polishing machine. Assemblers bolt, clip, screw, or otherwise fasten parts together by hand or by using hand tools or portable power tools. Assemblers may also tend machines, such as arbor presses or riveting machines, to perform force fitting fastening operations on an assembly line.

The commissioner concedes that there are apparent conflicts between the vocational expert's testimony and the Dictionary regarding the floor waxer and hospital housekeeper jobs. But those are harmless errors, the commissioner says, because there are no apparent conflicts regarding the assembler job, and there are at least 80,000 assembler jobs in the national economy, which is more than enough. *See Brown,* 845 F.3d at 255 (finding harmless error despite an apparent conflict because there remained 5,303 appropriate jobs for the claimant); *Weatherbee v. Astrue*, 649 F.3d 565, 572 (7th Cir. 2011) (the existence of 1,000 jobs nationally is sufficient). Schumann does not dispute that there are a significant number of assembler jobs, so the question is whether there is an obvious conflict between the Dictionary and the vocational expert's testimony that an assembler does not have to work with or around "dangerous moving machinery."

3

The commissioner contends that Schumann has failed to show an apparent conflict for three reasons: (1) the Dictionary states that assemblers are not exposed to "moving mech[anical] parts," DOT § 706.687-010; (2) Schumann has not shown that hand tools and portable power tools are "dangerous moving machinery," and (3) the Dictionary states that assemblers may fasten parts together "by hand," which means that not all assemblers use portable power tools. The commissioner's first two contentions are really part of the same argument. The court agrees with the commissioner that Schumann identifies no basis for concluding that assemblers are exposed to "dangerous moving machinery," so there is no apparent conflict between the vocational expert's testimony and the Dictionary.

The ALJ did not define "dangerous moving machinery," and the parties do not point to a definition provided by the Social Security Administration. But the agency has defined the similar term "hazards" as including the following: "moving mechanical parts of equipment, tools, or machinery; electrical shock; working in high, exposed places; exposure to radiation; working with explosives; and exposure to toxic, caustic chemicals." SSR 96-9p, 1996 WL 374185, at *9. The Dictionary states that none of those hazards are present for the assembler job, *see* DOT 706.687-010, 1991 WL 679074, which suggests that the assembler position does not require exposure to "dangerous" machinery. *See Rhodes v. Saul*, No. 18-cv-986, 2019 WL 5618084, at *8 (W.D. Mo. Oct. 31, 2019); *Ronette R. G. v. Saul,* No. 19-cv-51, 2019 WL 3858627, at *6 (C.D. Cal. Aug. 15, 2019); *Novoa v. Colvin*, No. CV 13-219, 2014 WL 3854369, at *7–8 (C.D. Cal. Aug. 6, 2014).

Even if the agency's definition of "hazards" is not dispositive, Schumann's argument fails because Schumann does not identify any reason to conclude that hand tools, portable power tools, or machines such as arbor presses or riveting machines are dangerous, let alone so

4

dangerous that she must avoid them. Other courts have declined to conclude that a machine qualifies as dangerous based on nothing more than the plaintiff's say-so. *See Hessie W. v. Commissioner of Social Security*, No. 20-CV0843, 2022 WL 178535, at *7 (W.D.N.Y. Jan. 20, 2022) (platen press not dangerous); *Shannon v. Astrue*, No. EDCV 10-359 AGR, 2011 WL 3420846, at *3 (C.D. Cal. Aug. 4, 2011) (arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, and broaches not dangerous); *Cowen v. Astrue*, No. 09-1206-SAC, 2010 WL 2925251, at *10 (D. Kan. July 21, 2010) (heating irons and dental floss cutters are not dangerous).

In her reply brief, Schumann cites *Murphy v. Astrue*, No. CV 09-8640, 2011 WL 124723, at *6 (C.D. Cal. Jan. 13, 2011), and *Jimenez v. Astrue*, No. EDCV 11-1670, 2012 WL 1067945, at *4 (C.D. Cal. Mar. 29, 2012), in which the courts concluded that there was a conflict between a restriction on working around dangerous machinery and the ability to perform a small products assembly job. Schumann says that the job requirements for a small products assembler are similar to the requirements for an assembler, so *Murphy* and *Jimenez* are instructive.[3] But those courts provided no reasoning; they simply listed the machines identified in the job description and then concluded that there was a conflict. Both courts ignored the agency's definition of "hazards," and they otherwise failed to explain the basis for their conclusion that the machines identified in the job description were dangerous. Numerous other

---

[3] The job description for a small products assembler includes using machines such as "arbor presses, drill presses, taps, spot-welding machines, riveting machines, milling machines, or broaches." DOT 706.684-022, 1991 WL 679050.

courts have rejected a conclusion that there is a conflict between a requirement to avoid dangerous or hazardous machinery and an ability to perform assembler jobs.[4]

The bottom line is that Schumann has failed to support her argument that the assembler job would expose her to dangerous moving machinery. If there was a conflict between the Dictionary and the vocational expert's testimony, the conflict was not apparent, which means that Schumann forfeited her objection by failing to raise it with the ALJ.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED. The clerk of court is directed to close the case and enter judgment in the commissioner's favor, dismissing the case with prejudice.

Entered September 19, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[4] *See, e.g., Kerekes v. Kijakazi,* No. 21-247, 2022 WL 4129400, at *6–7 (D.N.M. Sept. 12, 2022) *Brown v. Colvin*, Case No. 14-CV-21, 2016 WL 1627661, at *3 (N.D. Okla. Apr. 25, 2016); *Cranfill v. Colvin*, No. 10CV925, 2013 WL 1736597, at *8 (M.D.N.C. Apr. 9, 2013); *Malgra v. Astrue*, No. ED CV 11–0724, 2012 WL 443741, *6 (C.D. Cal. Feb. 10, 2012); *Ballesteros v. Astrue*, No. ED CV 10–301, 2011 WL 836656, at *3–4 (C.D. Cal. Mar. 8, 2011); *Norwood v. Astrue*, No. CV 09–3996, 2010 WL 2509358, *6 (C.D. Cal. June 17, 2010).